IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cr-30042-SMY-1 |
| | ) | |
| AARON HULL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**YANDLE, District Judge:**

Before the Court is Defendant Aaron Hull's *pro se* Motion for Court Order (Doc. 45). Hull seeks a copy of the docket sheet, information on his incarceration at the St. Clair County Jail, and legal advice about how to receive credit towards his federal sentence for time served in the county jail.

First, defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Thus, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977). These minimal requirements do not impose any substantial burden to prisoners who desire their records be sent to them at government expense. Hull has not met these minimal requirements.

Second, this Court cannot offer legal advice or provide documentation regarding Defendant's time served in county jail.  Accordingly, the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 1, 2021**

**STACI M. YANDLE**
**United States District Judge**