**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cr-30042-SMY |
| | ) | |
| AARON HULL, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**YANDLE, District Judge:**

Defendant Aaron Hull was sentenced on December 16, 2011 to 180 months imprisonment for Felon in Possession of a Firearm (Count 1) and Felon in Possession of Ammunition (Count 2), to run concurrently (Docs. 34, 36). Now pending before the Court are Hull's Motions for Compassionate Release pursuant to the First Step Act of 2018 (Docs. 49, 50). The Government responded in opposition (Doc. 54). For the following reasons, the motions are **DENIED.**

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

In requesting compassionate release, Hull petitioned the warden as follows:

Yes sir im [sic] requesting a [3582] compassionat-release [sic] REQUEST [sic] im [sic] Aaron, Hull coming before you the Warden of F.C.I. [sic] Greenvill [sic] under medical reason; 3582-cr-motion if you would check there,s [sic] plenty of medical Eligibulty [sic] for passionat-release [sic] please consider

Thank you for your time

(Doc. 49, p. 15).

The Government asserts that Hull failed to administratively exhaust his remedy before BOP because his vague request to the warden fails to reference the claims and issues set forth in his motion, including his medical condition, a concern he may contract COVID-19, and his family situation – he merely refers to his "medical [eligibility]" (Doc. 49, p. 15).

Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021). Moreover, § 3582(c)(1)(A) also requires issue exhaustion. In other words, an inmate is required to present the same or similar grounds for compassionate release in a BOP request as in a motion to the court. See, *United States v. Williams*, 987 F.3d 700 (7th Cir. 2021). Hull's vague request to the warden was not sufficient to present the claims asserted in the instant motions seeking compassionate release to the warden for consideration. Thus, he has not properly exhausted his administrative remedies. *See also*, *United States v. Link*, 841 Fed.Appx. 1013, 1015 (7th Cir. 2021) (holding that an inmate failed to administratively exhaust his remedy because the arguments presented to the warden "differed substantively from the arguments he later advanced in the district court").

For the foregoing reasons, Defendant's motions for compassionate release under the First Step Act of 2018 (Docs. 49, 50) are **DENIED without prejudice**.

      **IT IS SO ORDERED.**

      **DATED:  July 20, 2022**

                                **STACI M. YANDLE**
                                **United States District Judge**